IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICKY DANIEL GRIFFIN                                                PLAINTIFF

V.                                                                  CIVIL ACTION NO.
                                                                    2:08-CV-35-P-A

TERRANCE HUMPHREY; JOHN and
JANE DOES 1-5; and
ANDREW THOMPSON, JR., individually
and in his Official capacity as SHERIFF OF
COHOMA COUNTY, MISSISSIPPI                                          DEFENDANTS

## ORDER

Defendants Humphrey and Thompson request that the court set aside an entry of default against them [docket no. 7]. Defendants represent that the plaintiff Griffin does not oppose the motion, and plaintiff has not filed a response to the defendant's motion within ten days of service of the motion as provided in Local Rule 7.2(D).

The plaintiff filed the complaint on February 19, 2008. Upon the defendants' failure to answer the complaint, the plaintiff requested that the clerk of court enter a default on June 11, 2008. The clerk entered a default on June 12, 2008, and sent a copy of the entry of default by certified mail to the defendants on that date. When the defendants received the notice of the entry of default, they realized that the complaint had not been forwarded to their counsel. The counsel for the defendants promptly filed an entry of appearance on June 16, 2008 and shortly thereafter filed the motion to set aside the entry of default.

Default judgments or entries of default are useful tools for the efficient administration of justice. Default judgments are, however, disfavored as there is a clear preference for the case to be decided on its merits. *Roberts v. Keith*, 2007 WL 2712853, 2 (S.D.N.Y. 2007) (internal citations omitted). A court may set aside an entry of default upon a showing of good cause. *Lacy*

*v. Sitel Corp.*, 227 F.3d 290. 291-92 (5th Cir. 200); *Segars v. Hagerman*, 99 F.R.D. 274, 276 (D.C. Miss. 1983). In determining good cause to set aside an entry of default the court balances whether: 1) the default was willful, 2) the set-aside would be prejudicial to the non-moving party, and 3) the alleged defense is meritorious. *Biton v. Palestinian Interim Self Government Authority, et al*, 233 F.Supp.2d 31, 33 (D.D.C. 2002). The purpose of Rule 55 is for the protection of those parties who have evidenced a clear intent to defend the suit. *Segars*, 99 F.R.D. at 276.

The court finds that there is good cause to set aside the entry of default. The defendants contend that they negligently, rather than willfully, failed to forward the complaint to their counsel. Secondly, the plaintiff does not object to the set aside of the entry of default; thus the court has no evidence that it would not be prejudicial to the plaintiff. Finally, the defendants seek to defend this claim and the court prefers to have claims adjudicated on their merits rather than by an entry of default or a default judgement. For these reasons, it is ORDERED

That the defendants' motion to set aside the entry of default is GRANTED,

The defendants' shall file their answer to the plaintiff's complaint on or before August 27, 2008

This the 7th day of August, 2008.

                                                 /s/ S. ALLAN ALEXANDER
                                                 U.S. MAGISTRATE JUDGE